**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACQUELINE WATSON<br>6339 Bikle Road<br>Chambersburg, PA 17202 | : CIVIL ACTION NO. _____<br>:<br>: |
| Plaintiff, | : **JURY TRIAL DEMANDED** |
| v. | : |
| STAPLES CONTRACT AND<br>COMMERCIAL, INC.<br>d/b/a STAPLES<br>500 Staples Drive<br>Framingham, MA 01702 | :<br>:<br>:<br>:<br>: |
| Defendant. | |

**CIVIL ACTION**

Plaintiff, Jacqueline Watson ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Staples Contract and Commercial, Inc. d/b/a Staples ("Defendant"), alleges as follows:

1. Plaintiff brings this Complaint contending that Defendant has violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.,* by failing to engage in an interactive process of determining a reasonable accommodation for her disability; by discharging Plaintiff on account of her disability and/or because Defendant regarded her as being disabled within the meaning of the ADA/PHRA; and in retaliation for requesting a reasonable accommodation in connection thereto. Additionally, Plaintiff further contends violations by Defendant of Pennsylvania public policy for asserting and/or attempting to assert her rights under the Pennsylvania Workers' Compensation Act.

## **PARTIES**

2. Plaintiff Jacqueline Watson is an adult American citizen residing at 6339 Bikle Road, Chambersburg, PA 17202.

3. Defendant Staples Contract and Commercial, Inc. d/b/a Staples, is a for-profit company with a registered office address located at 500 Staples Drive, Framingham, MA 01702, and a place of business located in the Commonwealth of Pennsylvania at 963 Norland Avenue, Chambersburg, PA 17201.

## **JURISDICTION AND VENUE**

4. Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5. On or about April 15, 2020, Plaintiff filed a Complaint with the United States Equal Employment Opportunity Commission (the "EEOC"), which was dually-filed with the Pennsylvania Human Relations Commission (the "PHRC"), thereby satisfying the requirements of 42 U.S.C. §§ 12117(a); 2000e-5(b) and (e). Plaintiff's Complaint was docketed as PHRC Case Number: 530-2020-04012. Plaintiff's Complaint was filed within one hundred and eighty (180) days of the unlawful employment practice, i.e. discrimination and retaliation on account of a disability.

6. By correspondence dated October 30, 2020, Plaintiff received a Notice of Rights to Sue from the EEOC regarding her Charge of Discrimination, advising her that she had ninety (90) days to file suit against Defendant.

7. Plaintiff filed the instant matter within the relevant statutory timeline.

8. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

9. This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"),

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the ADA claim.

12. The venue in this District is proper pursuant to 28 U.S.C. § 1391, inasmuch as the events giving rise to this action occurred in this District.

## **FACTS**

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14. By way of background, Plaintiff began her employment with Defendant on or about February 12, 2006, in the position of Picker at Defendant's location in Chambersburg, Pennsylvania.

15. During the course of her employment, Plaintiff was promoted to the position of Lead and ultimately promoted to the position of Production Specialist.

16. Throughout Plaintiff's tenure of employment with Defendant, she received positive reviews of her performance, occasional promotions and raises, and no justifiable discipline.

17. By further way of background, in or around 2011, Plaintiff was diagnosed with severe Chronic Obstructive Pulmonary Disease ("COPD").

18. COPD is a disability within the meaning of the ADA and PHRA in that it limits major life activities, such as working, sleeping, breathing, climbing stairs, walking, running, and generalized impairment of lung functionality.

19. As per her doctor's recommendation, in or around 2013, Plaintiff was given work restrictions of parking closer to Defendant's facility, limiting walking distances, limiting exertion, not climbing stairs, and avoiding cold air.

20. Subsequent to providing Defendant's Human Resources Representative, Nikki Faith ("Ms. Faith"), with a doctor's note describing same, Plaintiff's requests for reasonable accommodations were approved.

21. In or around May 2019, Defendant's Supervisor, Hannah Myers ("Ms. Myers"), advised Plaintiff that she should submit reasonable accommodation paperwork to Defendant's Human Resources Representative, Jacolyn Kibler ("Ms. Kibler").

22. Before Plaintiff took off work for vacation in or around May 2019, Defendant's Supervisor, Renee Burkette ("Ms. Burkette"), advised Plaintiff that she was to report to Defendant's nearby Greencastle, Pennsylvania warehouse facility in or around June 2019 when Plaintiff returned from vacation.

23. Subsequent to submitting accommodation paperwork to Ms. Kibler, Plaintiff was contacted by her shortly thereafter and advised that Defendant's Greencastle, Pennsylvania location had no sit-down positions available, such as Plaintiff's previous position, and that Defendant was still reviewing her paperwork.

24. Moreover, Ms. Kibler told Plaintiff that she was sending her home and that she "[had] to figure out what to do with [Plaintiff]."

25. Following the aforementioned conversation, Plaintiff remained at Defendant's Chambersburg, Pennsylvania location and was required to scan boxes while standing. Plaintiff was also given a chair to sit as needed.

26. On or about June 6, 2019, Plaintiff applied for Defendant's Data Processing position.

27. Then, on or about June 13, 2019, Plaintiff and her coworkers were called into a meeting with Defendant's Manager, Wendy Booher ("Ms. Booher") and Ms. Kibler. Ms. Kibler advised Plaintiff and her co-workers that they were being given a raise.

28. After the meeting, Ms. Kibler advised Plaintiff that Defendant could not accommodate her disability and/or need for a reasonable accommodation.

29. Later that day, Plaintiff emailed Ms. Kibler and stated, *inter alia*, that she was not going to interview for the Data Processing position because Defendant had already decided not to hire Plaintiff for this position based on what Ms. Kibler told Plaintiff earlier that day.

30. On or about June 17, 2019, Plaintiff was advised by Ms. Kibler that she was not qualified for the Data Processing position because it would require her to lift boxes, despite the fact that Plaintiff was already lifting boxes in her current position.

31. Furthermore, Ms. Kibler stated that golf carts were to be used by visitors only, despite the fact Plaintiff was permitted to use them previously to travel to and/or from her vehicle at all times prior.

32. Additionally, Ms. Kibler told Plaintiff that she would remain employed through the second week of July 2019. However, that same day, Plaintiff was injured while at Defendant, which resulted in a fractured tibial plateau to her left leg, necessitating a medical leave of absence in connection thereto.

33. On or about December 20, 2019, while on medical leave, Plaintiff received a letter from Defendant notifying her that she was terminated from employment. The letter indicated that Plaintiff had until on or about December 27, 2019 to respond to the letter.

34. On or about December 26, 2019, Plaintiff emailed Ms. Kibler. In the email, Plaintiff acknowledged her receipt of the termination letter and also that Defendant would not accommodate Plaintiff's disability.

35. Upon information and belief, Plaintiff could have returned to work on or about November 4, 2019, ready, willing, and able to perform the essential functions of her position at Defendant's Greencastle, Pennsylvania location.

36. Accordingly, it is believed and therefore averred that Defendant terminated Plaintiff's employment on account of her actual and/or perceived disability, in retaliation for requesting a reasonable accommodation, and out of an unlawful desire to avoid a workers' compensation claim.

37. Defendant failed to provide Plaintiff with a reasonable accommodation for her disability and/or perceived disability and failed to engage in the interactive process to determine such reasonable accommodations.

38. Additionally, Defendant also terminated Plaintiff's employment in retaliation for her potential filing for workers' compensation benefits.

39. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to her reputation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, et seq.
## DISCRIMINATION AND RETALIATION

40. Paragraphs 1 through 39 are hereby incorporated by reference as though the same were fully set forth at length herein.

41. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

42. At all times relevant hereto, Defendant had at least fifteen (15) employees.

43. Plaintiff is a qualified individual with a disability within the meaning of the ADA.

44. As described above, Plaintiff's disability substantially limits Plaintiff in one or more major life activities.

45. Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

46. By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff on account of her disability, because it regarded her as being disabled within the meaning of the ADA, and/or in retaliation for plaintiff's requesting a reasonable accommodation.

47. Defendant also failed to engage in the interactive process with Plaintiff despite Plaintiff's requests for a reasonable accommodation.

48. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, earnings, earnings potential, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

**COUNT II
THE PENNSYLVANIA HUMAN RELATIONS ACT
43 P.S. § 951, *ET SEQ.*
<u>DISCRIMINATION AND RETALIATION</u>**

49. Paragraphs 1 through 48 are hereby incorporated by reference, as though the same were fully set forth at length herein.

50. Plaintiff is a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

51. As described above, Plaintiff's disability substantially limits Plaintiff in one or more major life activities.

52. Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

53. It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of her actual and/or perceived disabilities.

54. Defendant retaliated against Plaintiff for her requests to be reasonably accommodated.

55. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

56. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E.     Such other and further relief as is just and equitable under the circumstances;

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT III
## WRONGFUL DISCHARGE UNDER PENNSYLVANIA COMMON LAW

57.    Paragraphs 1 through 56 are hereby incorporated by reference as if the same were fully set forth at length herein.

58.    In or around July 2019, during the course and scope of her employment, Plaintiff suffered a work-related injury.

59.    Plaintiff's work-related injury required medical attention, and necessitated a medical leave of absence.

60.    Plaintiff provided Defendant's management with notice of the work-related injury as an injury sustained in the course and scope of her employment.

61.    Defendant unlawfully violated the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully and retaliatorily terminating Plaintiff's employment due to the steps taken by Plaintiff to avail herself of the benefits of the Pennsylvania Worker's Compensation Law.

62.    Plaintiff's termination was in violation of public policy pursuant to Pennsylvania common law.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but no

less than ($150,000.00) one hundred and fifty thousand dollars;

      B.      Compensatory damages and lost benefits;

      C.      Punitive damages for Defendant's discriminatory practices which were committed with malicious and reckless indifference to Plaintiff's rights;

      D.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

      E.      Pre-judgment interest in an appropriate amount; and

      F.      Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:   */s/ Benjamin Salvina*
       Benjamin Salvina, Esquire
       Eight Penn Center, Suite 2000
       1628 John F. Kennedy Blvd.
       Philadelphia, PA 19103
       Phone: (267) 273-1054
       bsalvina@phillyemploymentlawyer.com
       *Attorney for Plaintiff*

Dated: January 28, 2021

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.